IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LOWELL QUINCY GREEN,          )<br>     ID # 518622,                         )<br>          Plaintiff,                        )<br>vs.                                              )<br>                                                   )<br>DALLAS COUNTY, et al.,           )<br>          Defendants.                    ) | <br><br><br>No. 3:18-CV-3403-B (BH)<br><br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this *pro se* case was automatically referred for judicial screening. Before the Court is the plaintiff's challenge to the judgment, received March 8, 2019 (doc. 7). Based on the relevant filings and applicable law, it should be construed as a motion under Fed. R. Civ. P. 60(b) and denied.

**I. BACKGROUND**

On December 27, 2018, Lowell Quincy Green (Plaintiff), an inmate in the Texas Department of Criminal Justice, filed a complaint under 42 U.S.C. § 1983 against various defendants, including unnamed police officers who arrested him in 1986 and the prosecutor who filed charges against him based on the arrest. (doc. 3 at 3-4.)[1] He also sued Parkland Memorial Hospital for committing medical malpractice while treating him for a stabbing during the incident that led to his arrest by leaving items in his stomach, and the University of Texas Medical Branch (UTMB), which treated him in 1997 for the items left in his stomach by Parkland Memorial Hospital. (*Id.*)

On December 28, 2018, it was recommended that the case be summarily dismissed as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g), unless Plaintiff timely paid the filing fee. (*See*

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

doc. 3.)  The recommendation was accepted, and the case was dismissed without prejudice as three-strikes barred on January 18, 2019.  (*See* docs. 4, 5.)  Plaintiff filed a notice of appeal on February 5, 2019 (doc. 6).

Plaintiff now contends that his case should not have been dismissed under § 1915(g) for non-payment of the filing fee because he has a right under the constitution and federal statutes to sue for a violation of his substantive rights.  (doc. 7 at 8-10.)[2]  He claims that two of the strikes were unconstitutional because those cases are on appeal, and that one strike should not have counted because it was for an appeal that was dismissed for want of prosecution.  (*Id*. at 7-8, 15-16).  He also contends that he is in imminent danger of serious physical injury because on November 30, 2015, UTMB became aware that he has Hepatitis C but has not treated him for it.  (*Id.* at 3, 5, 13, 18.)

## II.  RULE 60(b)

Plaintiff's filing may be liberally construed as a motion seeking relief under Federal Rule of Civil Procedure 60(b).  *See Smith v. Texas Dep't of Criminal Justice, Institutional Div.* 79 F. App'x 61, 62, (5th Cir. 2003).

Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief.  Fed. R. Civ. Proc. 60(b)(1)-(6).

---

[2] Plaintiff's filing addresses proceedings in the district court as well as those before the United States Court of Appeals for the Fifth Circuit.  (*See* doc. 7 at 1, 12).

2

Rule 60(b)(6) is "a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216. In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth several considerations for evaluating a motion under Rule 60(b)(6): (1) that final judgments should not lightly be disturbed; (2) that a Rule 60(b) motion should not be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; (5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; (6) whether there are intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack. *Id.* at 402.

A Rule 60(b) motion "cannot be used to raise argument which could, and should, have been made before the judgment issued[, and] cannot be used to argue a case under a new legal theory." *Dial One of the Mid-South, Inc. v. BellSouth Telecommunications, Inc.*, 401 F.3d 603, 607 (5th Cir. 2005). Plaintiff's arguments could have been made before judgment was entered, so they cannot form the basis for relief under Rule 60(b).

Moreover, his arguments lack merit. "Section 1915(g) is a procedural statutory provision that does not affect a prisoner's substantive rights, and it does not block his or her access to the courts. It does not prevent a prisoner with three strikes from filing civil actions, it merely prohibits

3

him from enjoying [*in forma pauperis*] status." *Cardenas v. Young*, 655 F. App'x 183, 188 (5th Cir. 2016) (citations and internal quotation marks omitted). "The Constitution only requires the waiver of filing fees in criminal cases an civil proceedings implication fundamental interests such as divorce proceedings and proceedings to terminate parental rights." *Id*. (holding that § 1915(g) did not block access to the courts and was not unconstitutional as applied). A court may dismiss a complaint for failure to pay the filing fee as ordered. *See Wilson v. Moreno*, 95 F.3d 46 (5th Cir. 1996) (district court did not err in dismissing case where plaintiff did not comply with court order to file application to proceed *in forma pauperis* or pay the filing fee).

  A prior dismissal of a case by a district court, as frivolous malicious, or for failure to state a claim, counts as a strike under § 1983, even if an appeal of that case is pending. *Coleman v. Tollefson*, 135 S.Ct. 1759, 1763 (2015). The recommendation noted a previous case finding that Plaintiff had seven strikes, *Green v. Texas Parole Board,* No. 3:18-CV-2556-K-BK (N.D. Tex. Sept. 27, 2018), *rec. adopted* (N.D. Tex. Oct. 15, 2018). In one of those cases, the appeal was dismissed for failure to pay the filing fee. *See Green v. State of Texas*, No. 6:17-CV-92 (W.D. Tex. May 18, 2017), *appeal dismissed for failure to pay filing fee*, No. 17-50648 (5th Cir. Oct. 19, 2017). That appeal was not counted as a strike. Plaintiff has not shown why any other of his prior cases should not have counted as strikes, however.

  Finally, Plaintiff alleges that he is in imminent danger of serious physical injury because UTMB has not treated his Hepatitis C. Plaintiff did not allege that as a claim against UTMB in his complaint. To avoid the three-strikes rule, an allegation that a prisoner is in imminent danger of serious physical injury must relate to the claims in the complaint. *See Judd v. Federal Election Comm'n*, 311 F. App'x 730, 731 (5th Cir. 2009) (allegation that prisoner was in imminent danger

4

of serious physical injury from untreated health condition did not relate to his complaint). Any non-treatment of Plaintiff's Hepatitis C does not render him in imminent danger of serious physical injury as a result of facts underlying the claims in his complaint. The records he attaches show that on November 30, 2015, a health provider discussed treatments for Hepatitis C, but Plaintiff stated that he was awaiting a court decision and was concerned that treatment would affect his pending lawsuit. (*See* doc. 7 at 18.) He does not allege whether he sought treatment for his Hepatitis C after that date, and he has not shown that health providers refused to provide him with any requested treatment. He has not shown that he should be excused from the three-strikes rule for being in imminent danger of serious physical injury.

Plaintiff has not shown a basis for relief under Rule 60(b). His motion should be denied.

### III. RECOMMENDATION

Plaintiff's filing should be construed as a motion under Fed. R. Civ. P. 60(b) and **DENIED**.

**SIGNED this 11th day of March, 2019.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                  IRMA CARRILLO RAMIREZ
                                 UNITED STATES MAGISTRATE JUDGE